**UNITED STATES of America,
Appellee,**

v.

**Richard Lee DAVIS, Appellant.**

**No. 20619.**

United States Court of Appeals,
Eighth Circuit.

March 26, 1971.

326

Richard A. Dier, U. S. Atty., John A. Gale, Asst. U. S. Atty., Omaha, Neb., for appellee.

Richard Lee Davis, pro se.

Before VOGEL and ROSS, Circuit Judges, and STEPHENSON, Chief District Judge.

VOGEL, Circuit Judge.

Appellant's motion pursuant to 28 U. S.C.A. § 2255 seeks to set aside his conviction which is based upon a plea of guilty to one count of an indictment charging him with bank robbery. Appellant contends that the plea was induced by fear and was not voluntary because the District Court allegedly erred in explaining to him the punishment he could receive upon conviction as to each count. The court below held this contention to be without merit and refused to order an evidentiary hearing.[1] We affirm.

The indictment charging appellant was in three counts: Count I charged a violation of 18 U.S.C.A. § 2113(a); Count II charged a violation

[1.] This is the second § 2255 motion filed by the appellant, the first having been denied after an exhaustive evidentiary hearing held February 3–4, 1965, with a supplemental hearing April 23, 1965. Among other contentions of the appellant in his first § 2255 motion was that at the time of the commission of the crime he was incompetent, that his plea of guilty as to Count I "was induced by fear, promise of leniency [he claimed to have been promised a sentence of not to exceed three to five years], improper counsel, contributing physical illness * * *." This court rejected these contentions in Davis v. United States, 8 Cir., 1966, 358 F.2d 360.

of 18 U.S.C.A. § 2113(b); and Count III charged a violation of 18 U.S.C.A. § 2113(d). While each of these statutory sections states separate penalties, simultaneous convictions under two of these provisions cannot result in pyramided or consecutive sentences. The lesser offense merges into the greater offense for the purpose of sentencing. Prince v. United States, 1957, 352 U.S. 322, 77 S. Ct. 403, 1 L.Ed.2d 370.

The essence of appellant's claim is that at a hearing on arraignment in the District Court the presiding judge wrongly indicated that separate sentences on each count could be made to run consecutively. The fear of this possibility, appellant argues, was unlawful coercion and induced him to plead guilty to Count I of the indictment. He was sentenced to fifteen years although the correct maximum allowable term was twenty years.[2]

■ The arraigning court's statements were possibly ambiguous. The Federal Rule of Criminal Procedure dealing with guilty pleas, Rule 11, as it now stands and as interpreted in McCarthy v. United States, 1969, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, is not applicable to this case. Halliday v. United States, 1969, 394 U.S. 831, 89 S. Ct. 1498, 23 L.Ed.2d 16. At the time of appellant's plea the rule provided:

"A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept a plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. * * *"

Under this rule, which controls this case, we must determine whether or not the appellant had an understanding of the nature of the charges against him and entered his plea voluntarily. In doing so we may examine the total circumstances of the hearing and all information provided to the appellant from whatever source. Bongiorno v. United States, 8 Cir., 1970, 424 F.2d 373, 374.

■ At the first hearing in the arraigning court the United States Attorney advised the appellant that "in the event of your conviction upon the indictment that a maximum penalty of 25 years or a $10,000.00 fine, or both such fine and imprisonment can be imposed upon you." This was a clear and correct statement. Subsequently, despite any possible confusion due to the court's later further explanation of the possible punishment, the appellant was adequately protected by opportunities to talk to his appointed counsel and by an opportunity to address the court before sentencing. Furthermore, we agree that

"Even if the statements of the district court raised some degree of 'fear' in the appellant, this 'fear' cannot be raised to the level of coercion. Any statement of possible sentence necessarily causes some fear but the consequences of the plea must be stated."

Murray v. United States, 10 Cir., 1969, 419 F.2d 1076, 1079. See Eakes v. United States, 5 Cir., 1968, 391 F.2d 287.

The record here demonstrates that the appellant was not misled nor prejudiced or coerced in the course of the proceedings and clearly shows that the plea was voluntary. See Jones v. United States, 8 Cir., 1969, 419 F.2d 515, 518–519, cert. denied, 398 U.S. 949, 90 S.Ct. 1866; 26 L.Ed.2d 288; see generally, Palomino v. United States, 9 Cir., 1969, 420 F.2d 965.

Affirmed.

---

2. Promptly upon imposition of sentence the government moved to dismiss Counts II and III. Such motion was granted.