UNITED STATES of America, Appellee,

v.

Earl Lee WILLIAMS, Appellant.

No. 75–1792.

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1976.

Decided April 22, 1976.

Joseph T. Dixon, Jr., Minneapolis, Minn., for appellant.

Daniel M. Scott, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Robert G. Renner, U. S. Atty., Minneapolis, Minn., on brief.

Before VOGEL and VAN OOSTERHOUT, Senior Circuit Judges, and BRIGHT, Circuit Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

Defendant Williams has taken a timely appeal from his conviction by a jury on two counts of an indictment charging violations of 18 U.S.C. § 2113(a), (d) and (e), bank robbery and aggravated bank robbery.[1] We briefly summarize the background facts necessary to an understanding of this appeal. Defendant, on November 24, 1971, with others, was charged in a three-count indictment, CR. 3–71–187, with bank robbery and aggravated bank robbery. Defendant entered a plea of not guilty to such indictment. On December 14, 1971, likely as a result of plea bargaining, defendant Williams filed a waiver of indictment, and a one-count information based upon the same bank robbery and charging a violation of 18 U.S.C. § 2113(a) was filed. Defendant, as did codefendants, entered a plea of guilty to such charge, which plea was accepted by the court. On February 9, 1972, judgment of conviction was entered imposing a sentence of fifteen years imprisonment upon the defendant. Thereafter, upon motion by the Government, the indictment, CR. 3–71–187, was dismissed.

Defendant later succeeded in having his conviction set aside upon the ground that the court had failed to meet the requirements of Rule 11, Fed.R.Crim.P. *Williams v. United States*, 393 F.Supp. 260 (D.Minn. 1975).

Subsequently, defendant entered a plea of not guilty to the 1971 information charging the § 2113(a) violation. A superseding indictment, CR. 3–75–69, identical in substance to indictment CR. 3–71–187, was filed on May 23, 1975. Motion to dismiss the indictment was denied. Defendant entered a plea of not guilty to all counts of the indictment, was tried to a jury, and was convicted. Defendant was given a fifteen year sentence covering both Counts I and II.

Defendant does not upon this appeal challenge the sufficiency of the evidence to support his conviction on Counts I and II. Hence, a detailed discussion of the evidence will serve no purpose. The evidence is clearly ample to support the conviction.

Defendant for reversal relies upon the following points:

I. The trial court erred in determining that defendant's constitutional rights under the double jeopardy and due process provisions of the Constitution were not violated by requiring defendant to stand trial on a new indictment making the same charges that were contained in a prior indictment which was dismissed after defendant entered a plea of guilty to an information charging a lesser offense, which plea and resulting conviction defendant succeeded in having set aside.

II. The trial court unduly limited defendant's dual rights to be represented by counsel and to pro se representation.

III. Prejudicial misconduct of the prosecutor.

We reject such contentions and affirm the conviction for the reasons hereinafter stated.

### I.

■ Defendant concedes that he can be retried for the § 2113(a) offense with respect to which his guilty plea and conviction were vacated. He urges that his constitutional rights under the double jeopardy clause and the due process clause would be violated by requiring him to stand trial on the § 2113(d) and (e) charges.

The double jeopardy claim must be rejected. Observing that the § 2113(a) offense is a lesser included offense of the § 2113(d) and (e) offenses, we assume, without deciding, that, upon acceptance of the plea to the § 2113(a) charge, jeopardy "attached" as to all charges and that, therefore, had the conviction not been set aside, defendant could not subsequently have been

---

1. The jury also found defendant guilty on Count III, which charged a separate violation of § 2113(e). The court on motion for judgment n. o. v. entered judgment of acquittal on Count III. The propriety of such judgment is not involved in this appeal.

tried on any of the charges. See *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). This assumption does not assist defendant, however, for his conviction was set aside. In that circumstance, a subsequent trial does not constitute double jeopardy; it is merely "continuing jeopardy that has application where criminal proceedings against an accused have not run their full course." *Price v. Georgia*, 398 U.S. 323, 326, 90 S.Ct. 1757, 1759, 26 L.Ed.2d 300, 303–04 (1970); *Green v. United States*, 355 U.S. 184, 189, 78 S.Ct. 221, 224–25, 2 L.Ed.2d 199, 205 (1957); *United States v. Ball*, 163 U.S. 662, 672, 16 S.Ct. 1192, 1195–96, 41 L.Ed. 300, 303–04 (1896); *Percy v. South Dakota*, 443 F.2d 1232, 1233 (8th Cir. 1971), *cert. denied*, 404 U.S. 886, 92 S.Ct. 223, 30 L.Ed.2d 169 (1971). Barring the applicability of some principle compelling the conclusion that defendant's initial jeopardy on the § 2113(d) and (e) charges came to an end at some time prior to the trial and conviction now appealed, the continuing jeopardy rule must control the result here.

Defendant urges that *Green, supra,* and *Price, supra,* contain such a principle. Because his argument has found acceptance with the Court of Appeals for the Sixth Circuit, *Mullreed v. Kropp*, 425 F.2d 1095 (6th Cir. 1970), and *Rivers v. Lucas*, 477 F.2d 199 (6th Cir. 1973), vacated on other grounds, 414 U.S. 896, 94 S.Ct. 232, 38 L.Ed.2d 139 (1973), we explain in some detail why we, like the Seventh Circuit, *United States v. Anderson*, 514 F.2d 583, 587 (7th Cir. 1975), "believe that the Sixth Circuit's position is incorrect and refuse to follow it."

Both *Green, supra*, and *Price, supra*, hold that a defendant who has once been tried on a greater charge but convicted on a lesser charge, and who has successfully attacked the conviction on appeal, may not subsequently—consistently with the double jeopardy clause—be tried again on the greater charge. He may, of course, be tried again on the lesser charge. Defendant contends that his position is, for double jeopardy purposes, indistinguishable

from that of Green or Price, that it is immaterial whether the former conviction on the lesser charge resulted from a trial on both the greater and lesser charges or from a plea to the lesser charge only. We cannot agree. The Court in *Price, supra*, 398 U.S. at 328–29, 90 S.Ct. at 1760–61, 26 L.Ed.2d at 304–05, states that its holdings in both *Green* and *Price* rest on two premises. First, a jury's verdict of guilty on a lesser charge is an "implicit acquittal" on the greater charge. Second, a defendant's jeopardy on the greater charge ends when the first jury is given a "full opportunity" to return a verdict on that charge and instead returns a verdict on the lesser charge only. Neither premise is applicable when the original conviction on the lesser charge follows a guilty plea rather than a trial on both charges. *Green, supra*, 355 U.S. at 190, 78 S.Ct. at 225, 2 L.Ed.2d at 206, reveals quite clearly why the Supreme Court concluded that an "implicit acquittal" had occurred there:

> Green was in direct peril of being convicted and punished for first degree murder at his first trial. He was forced to run the gantlet once on that charge and the jury refused to convict him. When given the choice between finding him guilty of either first or second degree murder it chose the latter. In this situation the great majority of cases in this country have regarded the jury's verdict as an implicit acquittal on the charge of first degree murder.

In contrast, Williams was not, in the proceedings in which his guilty plea was accepted, in direct peril of being convicted and punished for violating § 2113(d) and (e). He was not forced to run the gantlet on those charges. No trier of fact refused to convict him on those charges and none was given the choice between finding him guilty on either those charges or the § 2113(a) charge. The district judge had the sole options of accepting or rejecting the plea on the § 2113(a) charge. By accepting it, he made no determination, explicit or implicit, on the merits of the charges not embraced

in the plea.[2] There was no implicit acquittal. The second premise of *Green* and *Price* is patently inapplicable where the former conviction rests on a guilty plea. A plea to a lesser charge necessarily deprives court and jury of an opportunity to consider the greater charge. In sum *Green* and *Price* do not yield the result defendant seeks.[3]

█ The defendant's due process contention must also be rejected. The contention rests on *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). In *Pearce*, the Supreme Court held that a due process violation may result where a more severe sentence is imposed when a defendant is retried and reconvicted after a successful appeal, and that, whenever a judge imposes a more severe sentence in such a situation, sufficient reasons for doing so must accordingly affirmatively appear in the record. In *Blackledge*, the *Pearce* holding was extended to prosecutorial conduct in a context where the prosecutor had brought greater charges when the defendant exercised a North Carolina statutory right to a *de novo* criminal appeal. The touchstone to this variety of due process analysis, and the principle which we find controlling here, is contained in the following statement from *Blackledge, supra*, 417 U.S. at 27, 94 S.Ct. at 2102, 40 L.Ed.2d at 634:

> [T]he Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of "vindictiveness." . . . The question is whether the opportunities for vindic-

tiveness in this situation are such as to impel the conclusion that due process of law requires a rule analogous to that of the *Pearce* case.

The Court further indicates that due process requires that a defendant be freed of apprehension of a "retaliatory motivation" on the part of judge or prosecutor. *Id.* at 28, 94 S.Ct. at 2102, 40 L.Ed.2d at 634.

In the present case, the charges contained in the indictment upon which the defendant was tried are in substance the same as the charges made in the original indictment. The penalty of fifteen years imposed by the trial court after the guilty verdict is no greater than the fifteen year sentence imposed upon the plea of guilty to the information. We find nothing in the present record which indicates any reasonable likelihood of vindictiveness on the part of the court or the prosecutor, or any purpose to retaliate against the defendant by reason of his success in setting aside his original conviction based on his guilty plea. Defendant was placed in the same position that he was in prior to his guilty plea.

The Seventh Circuit addressed precisely this issue in *United States v. Anderson*, supra at 588:

> Due process of law, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a

---

**2.** The Sixth Circuit has concluded that an acceptance of a guilty plea on a lesser charge is an implicit "determination that the right to prosecute the defendant on the more serious offense . . . has been relinquished." *Rivers v. Lucas, supra* at 202. We agree with the Seventh Circuit that the relinquishment is a conditional relinquishment, contingent upon the defendant's being and remaining convicted. *United States v. Anderson, supra* at 587. The Sixth Circuit has further concluded that the effect of an acceptance of a guilty plea on a lesser charge "is the equivalent of a jury's refusal to convict on the more serious charge",

and therefore, we presume, an implicit acquittal under *Green* and *Price*. *Rivers v. Lucas, supra* at 202. For the reasons explained in the text above, and for the reasons stated by the Seventh Circuit in *Anderson*, we disagree.

**3.** We note that in *Santobello v. New York*, 404 U.S. 257, 263 n. 2, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971), the Supreme Court indicated that, should a guilty plea on a lesser charge be withdrawn, "the petitioner will, of course, plead anew to the original charge on the two felony counts."

defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge. [Quoting *North Carolina v. Pearce*, 395 U.S. at 725, 89 S.Ct. at 2072]

.    .    .    .    .

There is no appearance of retaliation when a defendant is placed in the same position as he was in before he accepted the plea bargain. The mere reinstitution of the section 2113(d) charges, under these circumstances, did not amount to a deprivation of Anderson's due process rights.

We fully agree with the result reached by the Seventh Circuit and the reasons upon which it is based.

Defendant has failed to establish his double jeopardy and due process defenses.

## II.

 Defendant contends that the court erred in limiting his dual rights to be represented by counsel and to appear pro se in his own defense. It is clearly established that a criminal defendant has a right to represent himself or, alternatively, to be represented by counsel. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Most courts have held that a defendant has no right to hybrid representation, that is, to represent himself and to be represented by an attorney. *United States v. Hill*, 526 F.2d 1019, 1024 (10th Cir. 1975), and numerous cases there cited. See also *United States v. Wolfish*, 525 F.2d 457, 462–63 (2d Cir. 1975). In *Brasier v. Jeary*, 256 F.2d 474, 478 (8th Cir. 1958), *cert. denied*, 358 U.S. 867, 79 S.Ct. 97, 3 L.Ed.2d 99 (1958), *rehearing denied*, 358 U.S. 923, 79 S.Ct. 286, 3 L.Ed.2d 242 (1958), we held that a defendant has no constitutional or other right to conduct his own case pro se and have the aid of counsel to speak and argue for him at the same time. We noted the possibility that in exceptional situations the court might in its discretion permit a person represented by counsel to participate in his own defense in a limited way.

In our present case the court was liberal in permitting defendant to participate in his defense. The court treated the defendant and his counsel as co-counsel and applied the same general rules as are applied when a party is represented by two attorneys.

We have doubt whether this was a proper case for permitting dual representation. In any event, we are convinced that the trial court did not abuse its discretion in the limitations placed upon defendant's participation as his own counsel.

## III.

We find no merit to defendant's contention that government counsel was guilty of prosecutorial misconduct requiring a new trial.

The judgment appealed from is affirmed.