# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3090

_____

| | |
|---|---|
| Roosevelt Hunter, Jr., | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Minnesota. |
| United States of America, | * |
| | * [UNPUBLISHED] |
| Appellee. | * |

_____

Submitted: June 15, 1998
Filed: June 19, 1998

_____

Before BOWMAN, Chief Judge, WOLLMAN, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.

Roosevelt Hunter, Jr., appeals the District Court's[1] order denying his 28 U.S.C. § 2255 (1994) motion. We affirm. In 1994, the government charged Hunter with four firearm or drug-related violations, including aiding and abetting the use of firearms in relation to drug trafficking, in violation of 18 U.S.C. §§ 2 and 924(c)(1) (1994). Hunter pleaded guilty to the § 924(c)(1) violation, and the government agreed to dismiss the

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

remaining charges. The District Court sentenced Hunter under the Guidelines to a term of 60 months imprisonment and 2 years supervised release.

Hunter subsequently moved under § 2255 to have his § 924(c)(1) firearm conviction vacated in light of <u>Bailey v. United States</u>, 516 U.S. 137, 143-45 (1995). The District Court vacated the conviction and sentence, and vacated the order dismissing the remaining three counts of the indictment, indicating that the government was not prohibited from prosecuting Hunter for the previously dismissed counts. Hunter later pleaded guilty to two of the reinstated counts pursuant to a second written plea agreement, in which both parties waived their right to appeal the sentence imposed. The District Court sentenced Hunter to a term of 50 months imprisonment and 3 years supervised release. Hunter appealed the length of his sentence, and this Court dismissed his appeal, enforcing the plea agreement. <u>See</u> <u>United States v. Hunter</u>, 111 F.3d 136, 136 (8th Cir. Mar. 31, 1997) (unpublished per curiam). Hunter then filed a § 2255 motion, arguing that the government should not have been permitted to reinstate the previously dismissed counts, and claiming ineffective assistance. The District Court denied the petition without a hearing.

This Court reviews <u>de novo</u> the denial of a § 2255 motion without an evidentiary hearing and affirms only if the motion, files, and record conclusively show the movant is not entitled to relief. <u>See</u> <u>United States v. Duke</u>, 50 F.3d 571, 576 (8th Cir.), <u>cert. denied</u>, 516 U.S. 885 (1995). We note that Hunter's challenge to the reinstatement of the dismissed charges is procedurally defaulted by his failure to raise this claim on direct appeal, absent a showing of cause and prejudice or a showing of actual innocence. <u>See</u> <u>Bousley v. United States</u>, 118 S. Ct. 1604, 1610-11 (1998). Assuming that Hunter's attorney's failure to raise the issue on direct appeal constitutes cause, Hunter cannot demonstrate prejudice because we do not believe the district court erred by allowing the government to reinstate the previously dismissed charges. <u>See</u> <u>United States v. Moulder</u>, Nos. 97-10417, 97-10436, 1998 WL 247949, at *1-4 (5th Cir. May 18, 1998); <u>United States v. Green</u>, 139 F.2d 1002, 1004 (4th Cir. 1998); <u>United States</u>

v. Bunner, 134 F.3d 1000, 1002-05 (10th Cir. 1998), petition for cert. filed, -- U.S.L.W. -- (U.S. Apr. 24, 1998) (No. 97-8828); United States v. Williams, 534 F.2d 119, 120-23 (8th Cir.), cert. denied, 429 U.S. 894 (1976); cf. Bousley, 118 S. Ct. at 1611-12. Because Hunter's claim fails, we conclude that his counsel was not ineffective for failing to pursue the claim in Hunter's criminal proceedings and on direct appeal. See Strickland v. Washington, 466 U.S. 668, 691, 694 (1984); Meyer v. Sargent, 854 F.2d 1110, 1115-16 (8th Cir. 1988).

The order of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.