Michael Shane **KOLKMAN**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. 1310.

Court of Appeals of Alaska.

Aug. 13, 1993.

Robert E. Meachum, Asst. Public Defender, Juneau, and John B. Salemi, Public Defender, Anchorage, for appellant.

Eric A. Johnson, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

OPINION

BRYNER, Chief Judge.

Michael Shane Kolkman appeals his conviction of one count of attempted sexual assault in the first degree, contending that Superior Court Judge Larry R. Weeks erred in denying him the opportunity to withdraw the plea of no contest upon which his conviction was based. Kolkman also contends that his sentence of twenty years with five years suspended is excessive. We remand for additional proceedings.

As a result of incidents involving the sexual abuse of three minors, Kolkman was originally charged by indictment with multiple counts of first-degree sexual assault and second-degree sexual abuse of a minor. Kolkman eventually entered into an agreement with the state that called for him to plead no contest to an information charging him with one count of attempted first-degree sexual assault, a class A felony, AS 11.41.410(a)(1) & (b); AS 11.31.-100(a) & (d)(2), and two counts of second-degree sexual abuse of a minor, class B felonies, AS 11.41.436(a)(2) & (b). In return for Kolkman's no contest pleas, the state agreed that all other charges would be dismissed and that Kolkman would receive a total sentence of no more than thirty years with sixteen suspended.

This agreement was based on the assumption that Kolkman was a second felony offender and would therefore be subject to presumptive terms of ten years for attempted first-degree sexual assault, AS 12.-55.125(c)(3), and four years for second-degree sexual abuse of a minor, AS 12.55.-125(d)(1). The agreement provided that if the state established aggravating factors, the sentencing court could enhance the applicable presumptive terms only with suspended incarceration; if Kolkman established mitigating factors, the court would have discretion to reduce the presumptive terms within legal limits. The agreement further specified that Kolkman's two sentences for second-degree sexual abuse would be imposed concurrently with each other and that the sentencing court would retain discretion to impose those sentences consecutively to or concurrently with the

sentence for attempted first-degree sexual assault.

The parties disclosed their plea bargain during a change of plea hearing conducted before Judge Weeks. Judge Weeks accepted no contest pleas from Kolkman in accordance with the terms of the agreement, ordered a presentence report, and scheduled Kolkman's case for sentencing.

The probation officer assigned to write Kolkman's presentence report discovered that Kolkman had at least two prior felony convictions, not one, as originally assumed. By virtue of the additional prior felony conviction, Kolkman became subject to a presumptive term of fifteen years instead of ten years for attempted first-degree sexual assault and to presumptive terms of six years instead of four years for the two second-degree sexual abuse cases. AS 12.-55.125(c)(4) & (d)(2).

At the time set for the sentencing hearing, the state disclosed this information to the court, indicating that it was uncertain how the plea bargain should be dealt with in light of the increased presumptive terms that would apparently apply to the case. Kolkman's counsel indicated that he needed additional time to determine Kolkman's position. Counsel observed that Kolkman wanted to "go forward with the sentencing" under the original agreement and "should be entitled to the benefit of the bargain, ... and if not, should be allowed to withdraw his plea." Judge Weeks ordered the matter postponed to allow counsel to file a motion seeking whatever relief appeared to be appropriate.

Kolkman's counsel thereafter filed a motion for enforcement of the original plea bargain, maintaining that, despite having a full opportunity to ascertain Kolkman's criminal history before entering into the plea bargain, the state had simply failed to make a diligent inquiry in agreeing that he should be sentenced as a second felony offender. In Kolkman's view, the state was estopped from seeking a different disposition, even if Kolkman's additional prior conviction triggered a presumptive term exceeding the fourteen-year limit on unsus-

pended incarceration that the parties had agreed upon.

In response to Kolkman's motion to enforce the plea agreement, the state argued that, because the sentences originally bargained for were more lenient than the presumptive terms actually applicable to Kolkman by virtue of his prior convictions, enforcement of the plea bargain would result in an illegal sentence. The state pointed out that Alaska's presumptive sentencing statutes are mandatory and cannot be disregarded, even with the agreement of the parties. *See, e.g., State v. Price,* 715 P.2d 1183, 1185 (Alaska App.1986); *Hartley v. State,* 653 P.2d 1052, 1055–56 (Alaska App. 1982). In the state's view, Judge Weeks was required to reject the original plea bargain for this reason.

After hearing argument on Kolkman's motion and the state's response, Judge Weeks declined to enforce the original agreement, finding, "I don't think the Court has the power to impose a sentence in accordance with the plea agreement when that sentence is contrary to the law." Judge Weeks went on to say, "I don't know what that means with respect to withdrawing the plea or not. I guess I think that's the next step." Kolkman's counsel asked for "some time to sit down and talk to my client and advise him as to what he should do at this point." Judge Weeks granted counsel's request for a continuance.

Approximately a month later, the state filed a motion to calendar Kolkman's case for a sentencing hearing, stating that the case was "ripe for sentencing." Kolkman's counsel disagreed. Counsel claimed that scheduling a sentencing hearing would be premature because Kolkman was still free to withdraw his no contest plea in light of the court's decision not to enforce the original plea bargain. Counsel further expressed doubt about his ability to continue representing Kolkman, noting that Kolkman had recently filed a grievance against him with the Alaska Bar Association.

Several days later, Kolkman's counsel formally moved to withdraw from the case, citing Kolkman's grievance to the bar association and a strained attorney-client rela-

tionship as the reasons for withdrawal. In a supporting affidavit, counsel revealed that, after rejection of the original plea agreement, he had negotiated another agreement that was "roughly equivalent," but that Kolkman was "unwilling to accept that plea agreement and believes that it is my fault that he is in the predicament that he is in."

Judge Weeks held an *ex parte* hearing on Kolkman's counsel's withdrawal motion; Kolkman and an associate of Kolkman's counsel attended.[1] Kolkman confirmed that he was dissatisfied with his current attorney and did not think his attorney would defend him to the best of his ability. In the course of the hearing, although Judge Weeks repeatedly said he thought a plea agreement like the one Kolkman's counsel was attempting to negotiate would be advantageous to Kolkman, the judge also repeatedly told Kolkman that he had "an absolute right to go to trial." At one point, Judge Weeks asked Kolkman if "that's what you want to do in this case." Kolkman replied, "[It's] looking like that, yes." Kolkman further assured the judge that he understood he might receive a substantially higher sentence if he went to trial than if he accepted a negotiated disposition.

At the conclusion of the *ex parte* hearing, Judge Weeks granted Kolkman's counsel's motion to withdraw, appointed a new attorney to represent Kolkman, and set the case for a calendar call hearing. Before appointing Kolkman's new counsel, Judge Weeks commented: "If ... that attorney makes a motion to withdraw the plea, the Court will consider that and decide whether or not to allow you to withdraw the plea. If there is a withdrawal that's allowed, a trial will be set immediately.... So you've got to decide that."

At the calendar call hearing, although Kolkman claimed to be dissatisfied with his newly appointed counsel, Judge Weeks expressed confidence in the abilities of Kolkman's new counsel and stated that proceed-

ings would go forward with the new attorney representing Kolkman. Judge Weeks informed Kolkman, "I'm going to set the matter on for sentencing next week and unless something happens between now and next week you're going to be sentenced under the entry of a plea." Kolkman's new attorney requested a slightly longer period before the sentencing hearing, telling the court that he had not yet had a chance to discuss the possibility of a new plea agreement with Kolkman. Judge Weeks granted the request.

At the sentencing hearing, Kolkman's new counsel informed Judge Weeks that he (counsel) was ready to proceed but that Kolkman was not. Counsel revealed that the state had offered a new plea agreement, which called for Kolkman to maintain his no contest plea only as to the class A felony of attempted first-degree sexual assault; in return, the state would dismiss the two counts of second-degree abuse of a minor to which Kolkman had originally pled. According to counsel, under the terms of the new agreement, Kolkman would receive the third-offense presumptive term of fifteen years, *see* AS 12.55.-125(c)(4), and, in addition, up to five years of suspended incarceration at the court's discretion if the state established aggravating factors.

Counsel further stated that he had spoken with Kolkman about the new proposal the previous week and that Kolkman had indicated that it "would be fine with him." Nevertheless, according to counsel, Kolkman "indicated to me today that he basically did not want to accept that, that he wanted a trial." Counsel questioned the wisdom of Kolkman's "radical change in position." Noting that the presentence report contained "indications of prior mental illness on Mr. Kolkman's part," counsel expressed concern about Kolkman's competence.

In response to counsel's remarks, Judge Weeks stated: "To the extent that what you say is a motion to withdraw the plea, I

1. Kolkman's counsel was evidently unavailable at the time, and his associate substituted for him for purposes of the hearing.

deny the motion." Judge Weeks also found, based on his own observations of Kolkman and his review of the psychological information in the presentence report, that Kolkman was competent to proceed.

The court then proceeded with the sentencing hearing, initially requesting the prosecutor to provide a justification for the revised plea agreement that Kolkman's attorney had described. After the prosecutor informed the court that the state entered into the agreement because Kolkman's victims were reluctant to testify, the court turned to the issue of aggravating and mitigating factors, finding five aggravating factors and one mitigating factor. Judge Weeks then called on the parties for their sentencing arguments. The prosecutor, in accordance with the terms of the new plea agreement, asked the court to sentence Kolkman to twenty years with five years suspended on the attempted first-degree sexual assault charge.

When Judge Weeks inquired about the disposition of the remaining two counts of second-degree sexual abuse of a minor, however, the prosecutor expressed uncertainty, saying "I haven't really thought of where we sat on that." The prosecutor explained that he had told Kolkman's counsel that he would not dismiss the two class B felonies if Kolkman moved to withdraw his plea and that Kolkman had "in effect moved to withdraw his plea." The prosecutor was nevertheless unsure whether the remarks by Kolkman's counsel, which the court had treated as a motion to withdraw Kolkman's no contest pleas, had actually been intended as such.

Kolkman's counsel, evidently intent on seeing the class B felonies dismissed, assured the state that he had not meant to move for withdrawal of Kolkman's pleas: "Well I certainly—I mean that didn't come out of my mouth. I mean that might have been what was interpreted.... I mean I did tell the Court what Mr. Kolkman had told me and that was that he didn't want to go to sentencing today.... I was just telling the Court ... what his change of position was." This apparently placated the prosecutor.

Prior to imposing sentence, Judge Weeks called on Kolkman for allocution. Kolkman complained that "everybody is trying to point to me like I'm ... such a so-called criminal," and said that "[i]f I really knew that there was going to be a sentencing hearing today I'd of called some more witnesses...." This prompted Judge Weeks to ask, "Do you want to be sentenced today under the agreement of being sentenced on the one count with a maximum of twenty years with fifteen presumptive?" Kolkman answered: "Well I like to—I would have liked to been more prepared but if that's what the Court wishes then I have to—fine."

Without further inquiry, Judge Weeks sentenced Kolkman to twenty years in jail with five years suspended. After imposing the sentence, the judge apprised Kolkman of his sentence appeal rights but commented that, "[i]t is my opinion that because of your plea agreement you don't have a right to appeal your sentence." Kolkman nevertheless appealed.

On appeal, Kolkman argues that the superior court erred in failing to allow him to withdraw his pleas of no contest. In advancing this argument, Kolkman relies exclusively on Alaska Criminal Rule 11(h)(1),[2]

---

**2.** Alaska Criminal Rule 11(h) states:

> **(h) Plea Withdrawal.**
> (1) The court shall allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct manifest injustice.
> (i) A motion for withdrawal is timely and is not barred because made subsequent to judgment or sentence if it is made with due diligence.

> (ii) Withdrawal is necessary to correct a manifest injustice whenever it is demonstrated that:
> (aa) The defendant was denied the effective assistance of counsel guaranteed by constitution, statute or rule, or
> (bb) The plea was not entered or ratified by the defendant or a person authorized to act in the defendant's behalf, or
> (cc) The plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed, or

which requires the court to allow withdrawal of a plea of no contest upon the filing of a "timely motion" establishing that withdrawal is necessary to correct manifest injustice. The rule specifies, in relevant part, that manifest injustice exists whenever a defendant who has failed to receive "concessions contemplated by [a] plea agreement" demonstrates either that the prosecutor "failed to seek or oppose[d] the concessions promised" or that "after being advised that the court no longer concurred and after being called upon to affirm or withdraw the plea, the defendant did not affirm the plea." Criminal Rule 11(h)(1)(ii)(dd).

■ To this argument, the state accurately responds that Criminal Rule 11(h) requires the filing of a timely motion to withdraw and that Kolkman never filed

> (dd) The defendant did not receive the charge or sentence concessions contemplated by the plea agreement, and
> (A) the prosecuting attorney failed to seek or opposed the concessions promised in the plea agreement, or
> (B) after being advised that the court no longer concurred and after being called upon to affirm or withdraw the plea, the defendant did not affirm the plea.
> (iii) The defendant may move for withdrawal of the plea without alleging innocence of the charge to which the plea has been entered.
> (2) Once the plea has been accepted by the court and absent a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw a plea of guilty or nolo contendere as a matter of right. Before sentence, the court in its discretion may allow the defendant to withdraw a plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.
> (3) A plea of guilty or nolo contendere which is not accepted or has been withdrawn shall not be received against the defendant in any criminal proceeding.

**3.** The full text of Criminal Rule 11(e) is as follows:

> (e) **Plea Agreement Procedure.**
> (1) *In General.* The attorney for the state and the attorney for the defendant may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the state will move for dismissal of other charges, or will recommend or not

such a motion. While acknowledging that, during the *ex parte* hearing concerning Kolkman's representation, Kolkman personally informed the court that he wanted a trial, the state insists that this request was ineffectual because it was not communicated through counsel: "[I]t ... was for counsel, not the court, to ascertain Kolkman's wishes and take appropriate action. When the opportunity arose to act, defense counsel declined."

■ This argument, however, fundamentally confuses the roles of the accused, the accused's counsel, and the trial court in situations involving a rejected plea agreement. Such situations are governed, not by Criminal Rule 11(h), but rather by Criminal Rule 11(e), which specifically prescribes the procedures to be followed in cases involving plea agreements.[3]

> oppose the imposition of a particular sentence, or will do both.
> (2) *Notice of Such Agreement.* If the parties reach a plea agreement whereby a plea of guilty or nolo contendere will be entered by the defendant in the expectation that a specific sentence will be imposed or other charges before the court will be dismissed, then the court shall require the disclosure of the agreement in open court at the time the plea is offered. Once the agreement has been disclosed the court may accept or reject the agreement, or may defer its decision to accept or reject the agreement until receipt of a presentence report.
> (3) *Acceptance of Plea.* If the court accepts the plea agreement, the court shall inform the defendant that the judgment and sentence will embody either the disposition provided for in the plea agreement or another disposition more favorable to the defendant.
> (4) *Rejection of Plea.* If the court rejects the plea agreement, the court shall inform the parties of this fact and advise the defendant personally in open court that the court is not bound by the plea agreement. The court shall then afford the defendant the opportunity to withdraw his plea, and advise the defendant that if he persists in his plea of guilty or nolo contendere, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.
> (5) *Time of Plea Agreement Procedure.* Except for good cause shown, notification to the court of the existence of a plea agreement shall be given at the arraignment or at such other time, prior to trial, as may be fixed by the court.
> (6) *Inadmissibility of Plea Discussions in Other Proceedings.* Neither the plea discussion nor any resulting agreement, plea, or

Criminal Rule 11(e)(1) and (2) authorize the parties in a criminal case to engage in plea bargaining but require the terms of any agreement to be disclosed on the open record to the trial court. When this occurs, the court has three options: it "may accept or reject the agreement, or may defer its decision ... until receipt of a presentence report." Rule 11(e)(3) deals with cases in which the court accepts plea agreements, providing that "the court shall inform the defendant that the judgment and sentence will embody either the disposition provided for in the plea agreement or another disposition more favorable." Rule 11(e)(4)—the crucial provision here—requires the following action in cases involving rejected agreements:

> If the court rejects the plea agreement, the court shall inform the parties of this fact and advise the defendant personally in open court that the court is not bound by the plea agreement. The court shall then afford the defendant the opportunity to withdraw his plea, and advise the defendant that if he persists in his plea of guilty or nolo contendere, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

 Under this rule, upon rejection of a proposed plea agreement, withdrawal of a plea of guilty or no contest becomes a matter of right for the defendant, not one of discretion for the court. The rule requires the court to do more than provide an opportunity for the defense to move for plea withdrawal under Rule 11(h). The plain language of the rule demands that the court "afford the defendant the opportunity to withdraw"; this opportunity must be extended, not to defense counsel, but rather to "the defendant personally in open court." [4] Unless the defendant affirmatively and unequivocally expresses the desire to persist in the original plea of guilty or no contest, no judgment may be entered on the plea.

 The court's obligation to extend the right of withdrawal to the defendant personally, in open court, and its concomitant obligation to secure the defendant's affirmative decision to persist in the original plea before entering judgment on it, devolve from the court's fundamental duty to assure that pleas of guilty or no contest be voluntarily and intelligently entered. The ultimate decision on what plea to enter to a criminal charge is one that must be made personally by the defendant; it cannot be left to counsel. *See* Alaska Rule of Professional Conduct 1.2(a). *See also* I *ABA Standards for Criminal Justice* § 4–5.2(a)(i) (2d ed. 1979). For this reason, before the court initially accepts a plea of guilty or no contest, it must inquire of the defendant personally to assure that the plea reflects the defendant's true decision and that the defendant has made this decision voluntarily and intelligently. *See* Criminal Rule 11(c) and (d).[5]

judgment shall be admissible against the defendant in any criminal or civil action or administrative proceeding if:
 (i) a plea discussion does not result in a plea of guilty, or
 (ii) a plea of guilty is not accepted or is withdrawn, or
 (iii) judgment on a plea of guilty is reversed on direct or collateral review.

**4.** *See generally* 1 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 175.1, at 646–47 (2d ed. 1982).

**5.** Criminal Rule 11(c) and (d) provide:
 (c) **Pleas of Guilty or Nolo Contendere.** The court shall not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and
 (1) determining that he understands the nature of the charge; and

 (2) informing him that by his plea of guilty or nolo contendere he waives his right to trial by jury or trial by a judge and the right to be confronted with the witnesses against him; and
 (3) informing him:
 (i) of the mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered; and
 (ii) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, or to plead guilty.
 (d) **Insuring That the Plea is Voluntary.** The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire of the prosecuting attorney, defense

■ The rejection of a negotiated plea of guilty or no contest rekindles the same concerns for the voluntariness and intelligence of the defendant's actions that are sparked by entry of the initial plea. A defendant who pleads guilty or no contest pursuant to a plea agreement conditions that plea on the assumption that the terms of the agreement will be fulfilled; the voluntariness and intelligence of the plea depend upon fulfillment of the agreement. When the court rejects a plea agreement, its action necessarily vitiates the voluntariness and intelligence of the underlying plea, effectively rendering the plea a nullity.[6] This, in turn, requires that the defendant be given the opportunity to withdraw or affirm the original plea of guilty or no contest—the requirement reflected in the language of Criminal Rule 11(e)(4).

■ Just as the defendant must confirm the initial decision to plead guilty or no contest in accordance with the terms of an agreement personally and in open court, so must the defendant, upon a subsequent rejection of the agreement, personally affirm the decision to persist in the original plea, despite the change in circumstances; the record of proceedings must unequivocally reflect that the defendant's affirmation has been made voluntarily and intelligently. Counsel's power to plead guilty or no contest on behalf of the defendant should be no greater after rejection of a plea agreement than it was at the inception of the case.

In this case, Kolkman's initial pleas of no contest were expressly conditioned on fulfillment of the original plea agreement. Upon ruling that the agreement called for imposition of an illegal sentence, the court rejected it. At that point, the court was obligated to afford Kolkman the opportuni-

ty to withdraw his pleas. Criminal Rule 11(e)(4). Yet at no point did the court afford that right to Kolkman "personally in open court." Instead, it left the choice to Kolkman's counsel.

Despite Kolkman's earlier statement to the court that he wanted a trial, and despite his counsel's statement at the sentencing hearing that Kolkman was not willing to agree to the amended plea bargain the state had recently proposed, the court denied Kolkman the opportunity to withdraw his original pleas and held him to the terms of the amended bargain—evidently on the basis of Kolkman's informal, off-the-record approval of the bargain during a conversation with his counsel the previous week.

■ The record as it currently stands does not reflect a voluntary and intelligent waiver by Kolkman of the right to withdraw his no contest pleas following the court's rejection of the original plea agreement; nor does it reflect a decision by Kolkman to persist in his original no contest pleas. The actions and inactions of Kolkman's counsel are no substitute for Kolkman's personal affirmation of the original pleas; nor can any binding decision to adhere to the original pleas be inferred from counsel's statement that Kolkman had assented to the amended plea agreement in previous, out-of-court conversations. Similarly, Kolkman's ambiguous response at the sentencing hearing to the court's inquiry as to whether he wanted to be sentenced under the newly offered agreement ("I would have liked to been more prepared but if that's what the Court wishes then I have to—fine.") cannot be construed as a voluntary and intelligent

counsel and the defendant himself to determine whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the state and the defendant or his attorney.
A similar inquiry is called for before the court imposes a sentence based on such a plea. *See* Criminal Rule 32(a):
 Sentence shall be imposed without unreasonable delay. Sentencing in felony cases shall follow the procedures established in this rule and Rules 32.1 through 32.5. Sentencing

in misdemeanor cases shall follow the procedures established in this rule and Rules 32.-2(b)–(f), 32.3, and 32.5.

6. *See Padie v. State,* 594 P.2d 50, 58 (Alaska 1979); *Cooksey v. State,* 524 P.2d 1251, 1256 (Alaska 1974). *Cf. United States v. Kerdachi,* 756 F.2d 349, 352 (5th Cir.1985) ("A guilty plea is not voluntary if it is based on a misapprehension of a significant term of a plea agreement").

election to persist in the original no contest pleas.

In the absence of a valid, on-the-record election by Kolkman to persist in his original pleas and refrain from exercising his right of withdrawal, we must conclude that the superior court erred in holding Kolkman to the terms of the amended plea bargain and in entering judgment on the no contest pleas Kolkman entered in anticipation of the initial, failed plea agreement.

The judgment of conviction is VACATED, and this case is REMANDED with directions that Kolkman be afforded the opportunity to withdraw his pleas of no contest.