STATE of Utah, Plaintiff and Appellee,

v.

Larry Kevin MOSS, Defendant and Appellant.

No. 960030–CA.

Court of Appeals of Utah.

July 11, 1996.

Wayne A. Freestone and David C. Cundick, Parker, Freestone, Angerhofer & Harding, Salt Lake City, for Appellant.

Jan Graham, Atty. Gen., Kris C. Leonard and Robert N. Parrish, Asst. Attys. Gen., Criminal Appeals Div., Salt Lake City, for Appellee.

Before BENCH, BILLINGS and JACKSON, JJ.

## OPINION

BILLINGS, Judge:

Defendant Larry Kevin Moss appeals the trial court's denial of his motion to compel specific performance of his plea in abeyance or to dismiss. We affirm.

## FACTS

Defendant was charged with rape of a child, a first degree felony, in violation of Utah Code Ann. § 76–5–402.1 (1995), aggravated sexual assault, a first degree felony, in violation of Utah Code Ann. § 76–5–405 (1995), and aggravated sexual abuse of a child, a first degree felony, in violation of Utah Code Ann. § 76–5–404.1 (1995). The charges stemmed from defendant's actions toward his six-year-old daughter between June 1, 1992 and June 1, 1993.

In July 1994, defendant pleaded guilty to attempted sexual abuse of a child, a third degree felony, on the condition his plea be held in abeyance[1] for twenty-four months at which time the charges would be dismissed upon the trial court's determination that defendant had complied with the terms of the plea agreement.[2] On July 26, the trial court

---

1. Utah Code Ann. § 77–2a–1(1) (1995) provides: "Plea in abeyance" means an order by a court, upon motion of the prosecution and the defendant, accepting a plea of guilty or of no contest from the defendant but not, at that time, entering judgment of conviction against [the defendant] nor imposing sentence upon [the defendant] on condition that [the defendant] comply with specific conditions as set forth in a plea in abeyance agreement.

2. In pertinent part, Utah Code Ann. § 77–2a–3(2)(b) (1995) provides:

   (2) A plea in abeyance agreement may provide that the court may, upon finding that the defendant has successfully completed the terms of the agreement:

   . . . .

   (b) allow withdrawal of defendant's plea and order the dismissal of the case.

accepted defendant's plea in abeyance pursuant to Utah Code Ann. §§ 77–2a–1 to –4 (1995).

The Utah Attorney General's Office subsequently determined defendant's plea violated section 77–2a–3(7), which prohibits entry of a plea in abeyance in any case involving allegations of sexual abuse against a victim younger than fourteen years of age.[3] The trial judge was informed of the problem, and, on August 8, 1994, the court sua sponte set aside defendant's plea and bound the matter over to the district court for a preliminary hearing. Defendant did not object. Following the preliminary hearing, defendant was bound over to stand trial on charges of rape and aggravated assault as set forth in an amended information. Again, defendant did not object.

Over the next nine months, defendant changed counsel numerous times. Finally, on June 20, 1995, defendant's counsel filed a motion to dismiss the amended information and to compel specific performance of the plea in abeyance agreement. The trial judge denied the motion. Thereafter, defendant entered a conditional guilty plea to the charge of aggravated sexual abuse, a first degree felony, and the remaining charges were dropped. Defendant was then sentenced to the maximum sentence pursuant to the minimum mandatory sentencing scheme. *See* Utah Code Ann. § 76–3–404 (1995). Defendant now appeals the denial of his motion to compel specific performance of the plea agreement or to dismiss.

## ANALYSIS

### Waiver

First, defendant claims the State waived its right to complain of his plea's validity by failing to object at the time the plea was first accepted.[4] Defendant relies

upon *State v. Kay,* 717 P.2d 1294 (Utah 1986) to support his position.

In *Kay,* the parties entered into a conditional plea agreement wherein the defendant agreed to plead guilty to three counts of capital homicide "on the condition [his] life not be forfeited." *Id.* at 1296. Two weeks later, the State sought to set aside the agreement, claiming, in part, the agreement violated Rule 11 of the Utah Rules of Criminal Procedure. *Id.* at 1297. The trial court agreed and set aside the plea. Kay filed an interlocutory appeal from this ruling. *Id.*

On appeal, the Utah Supreme Court agreed the defendant's plea agreement violated Rule 11, but refused to find the Rule 11 violations constituted harmful error justifying revocation of the plea. Nevertheless, the court upheld the trial court's order vacating the plea. The court observed, a "trial court may properly declare a mis[plea] *upon its own motion* . . . when an error occurs which will obviously compel reversal if the case is appealed, thus making further proceedings futile." *Id.* at 1304–05 (emphasis added). The supreme court concluded the trial court had not abused its discretion when it found the defendant's plea constituted plain error and therefore declared a misplea and set defendant's plea aside. *Id.* at 1305. Thus, under *Kay,* where a trial court determines sua sponte that "plain error" exists compelling reversal of the case, it is irrelevant whether the State timely objects to the entry of the plea below.

In the instant case, the trial judge concluded defendant's plea violated subsection (7)'s prohibition against the entry of a plea in abeyance in a case involving a sexual offense against a victim under fourteen years of age. Thereafter, the court sua sponte held defendant's plea constituted plain error and, under *Kay,* properly vacated the plea.

---

3. *See* Utah Code Ann. § 77–2a–3(7) (1995) ("No plea may be held in abeyance in any case involving a sexual offense against a victim who is under the age of 14.").

4. In his brief, defendant argues that Utah Code Ann. § 77–2a–3(7), the provision the trial judge relied upon to set aside his original plea in abeyance, did not become effective until after defendant abused his daughter and therefore the judge

erred in relying upon it to retroactively vacate his plea. At oral argument, defendant waived this claim. We nevertheless emphasize that the date on which defendant committed the alleged offense is irrelevant to the application of section 77–2a–3(7). Section 77–2a–3(7) applies to the entry of defendant's plea, not to defendant's criminal acts. Because the statute was enacted on May 3, 1993, it expressly applies to defendant's plea which was accepted on July 26, 1994.

## Double Jeopardy

■ Next, defendant claims the trial court's acceptance of his initial guilty plea constituted a final adjudication and double jeopardy bars a retrial of any of the charges covered by the plea agreement. The State responds that the trial court's sua sponte rescission of defendant's plea was justified because the plea was illegal and was therefore void[5] or, alternatively, that rescission of the plea was proper as it was supported by manifest necessity, and thus not barred by double jeopardy.

■ We note that our able colleague in dissent claims we need not undertake the double jeopardy analysis urged by both defendant and the State. We respectfully disagree. The dissent claims that after learning defendant's plea agreement violated section 77–2a–3(7) of the Utah Code, "[t]he court had no authority, on its own motion and without defendant's consent, to set aside the plea." Rather, the dissent insists that Rule 11(h) of the Utah Rules of Criminal Procedure governs the procedure a trial court must follow regarding the disposition of guilty pleas. Rule 11(h) provides as follows:

(1) The judge shall not participate in plea discussions prior to any plea agreement being made by the prosecuting attorney.

(2) When a tentative plea agreement has been reached, the judge ... may then indicate to the prosecuting attorney and defense counsel whether the proposed disposition will be approved.

(3) *If the judge then decides that disposition should not be in conformity with the plea agreement, the judge shall advise the defendant and then call upon the defendant to either affirm or withdraw the plea.*

Utah R. Crim. P. 11(h) (emphasis added). Thus, the dissent claims that when the court learned defendant's plea violated section 77–2a–3(7), the court could only have called upon defendant to either (1) affirm his plea to a third degree felony and enter sentence accordingly, or (2) withdraw his plea and proceed to trial.

We disagree. Rule 11 is not applicable to this situation. From a plain reading of the rule, it is clear that subsection (3) applies only *before* the defendant's plea has been accepted. Here, before learning defendant's guilty plea was illegal, the trial judge had already approved and accepted the plea agreement. The court subsequently learned defendant's plea was contrary to law and it therefore vacated the plea. We find no provision in the Utah Rules of Criminal Procedure governing this factual scenario. Rather, a body of constitutional and common law is operative in this context. The governing Utah law is *State v. Kay*, 717 P.2d 1294 (Utah 1986).

There are two distinct questions which arise from defendant's double jeopardy claim. The first is whether jeopardy in fact "attached" when the trial court accepted his first plea. The second is whether, if jeopardy did attach, a reprosecution of the case is permitted.[6]

■ With a guilty plea, most courts, including the Utah Supreme Court, have held that jeopardy attaches when the trial court accepts that plea. *State v. Kay*, 717 P.2d 1294, 1302 (Utah 1986) (citing *Kring v. Missouri*, 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506

---

**5.** This assertion is true in principle. *See* F.M. English, Annotation, Plea of Guilty as Basis of Claim of Double Jeopardy in Attempted Subsequent Prosecution, 75 A.L.R.2d 683, 696 (1961) ("It is a generally accepted principle that a plea of double jeopardy cannot be based upon a void judgment."); 21 Am.Jur. 2d *Criminal Law* § 258 (1981) ("A guilty plea that is ... erroneously accepted contrary to a statute ... does not give rise to jeopardy."). However, in *State v. Kay*, 717 P.2d 1294 (Utah 1986), the Utah Supreme Court expressly declined to follow this analysis regarding void pleas, favoring instead the "manifest necessity" analysis discussed herein. *Id.* at 1302–03. Because *Kay* is the controlling law in

this jurisdiction, we follow it. *See State v. Menzies*, 889 P.2d 393, 399 (Utah 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 910, 130 L.Ed.2d 792 (1995).

**6.** Defendant does not indicate whether his double jeopardy argument encompasses the federal constitution, the state constitution, or both. However, in *State v. Kay*, 717 P.2d 1294 (Utah 1986), the case upon which defendant principally relies, the Utah Supreme Court adopted the reasoning of the First Circuit as it pertained to both the state and federal constitutions, *id.* at 1304, and we do likewise.

(1883); *United States v. Cruz*, 709 F.2d 111, 113 (1st Cir.1983), *overruled in part, United States v. Kurkculer*, 918 F.2d 295 (1st Cir. 1990)); *see United States v. Sanchez*, 609 F.2d 761, 762 (5th Cir.1980); *United States v. Cambindo Valencia*, 609 F.2d 603, 637 (2d Cir.1979), *cert. denied sub nom*, 446 U.S. 940, 100 S.Ct. 2163, 64 L.Ed.2d 795 (1980); *United States v. Williams*, 534 F.2d 119, 120–21 (8th Cir.), *cert. denied*, 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976); *United States ex rel. Metz v. Maroney*, 404 F.2d 233, 236 (3d Cir.1968), *cert. denied*, 394 U.S. 949, 89 S.Ct. 1287, 22 L.Ed.2d 483 (1969).

■ However, concluding jeopardy attaches, begins, rather than ends our inquiry as to whether double jeopardy bars defendant's retrial.[7] Under Utah law, a trial court can rescind its acceptance of a guilty plea and set the matter for trial without violating notions of double jeopardy if there is a misplea based on a showing of "manifest necessity" and "no undue prejudice to the defendant." *Kay*, 717 P.2d at 1305.

In *Kay*, following the trial court's rescission of the defendant's plea, the defendant brought an interlocutory appeal, claiming, in part, any attempt by the trial court to try him or sentence him without respecting the terms of the broken plea agreement would violate his rights against double jeopardy. *Id.* at 1302. In analyzing the case, the Utah Supreme Court adopted the reasoning of the First Circuit Court of Appeals in *Cruz*, 709 F.2d at 114–15.[8]

In *Cruz*, the First Circuit ·addressed the question of whether a court may vacate a guilty plea once it has been accepted. *Id.* at 113. In that case, the trial court unconditionally accepted a bargained-for guilty plea, then rejected the plea based upon information contained in the presentence report. The defendant appealed, arguing the trial court's rejection of his plea agreement placed him twice in jeopardy. The First Circuit agreed, finding that a guilty plea may not be set aside on the basis of something short of "manifest necessity, which the court concluded had not been established." *Id.* at 114–15.

The First Circuit analogized

judicial abortion of a previously accepted guilty plea and plea bargain to [a] judicial declaration of a mistrial after jeopardy has attached—*i.e., to hold that jeopardy attached upon acceptance of the guilty plea, but to allow the [trial] court to rescind acceptance at any time before sentencing and judgment upon a showing of 'manifest necessity,'* the standard for declaring a mistrial over the defendant's objection.

*Id.* at 114 (citation omitted) (emphasis added).

In *Kay*, the Utah Supreme Court likewise held that "plea agreements are binding on the parties and the court *once the plea is*

7. In pertinent part, section 77–2a–1(1), defining "plea in abeyance," provides that upon the trial court's acceptance of a plea in abeyance agreement, the entry of judgment and the imposition of sentence are stayed pending the defendant's successful completion of the terms of the underlying agreement. Utah Code Ann. § 77–2a–1(1) (1995). Likewise, section 77–2a–2(1) provides that

[a]t any time after acceptance of a plea of guilty ... but prior to entry of judgment of conviction and imposition of sentence, the court may ... hold the plea in abeyance and not enter judgment of conviction against the defendant nor impose sentence upon the defendant within the time periods contained in Rule 22(a), Utah Rules of Criminal Procedure.

*Id.* § 77–2a–2(1) (emphasis added). The plain language of these statutes reveals that a plea in abeyance is not a final adjudication. Defendant's claim that the trial court's action constitutes double jeopardy per se is contrary to Utah law. Acceptance of a plea in abeyance and the entry of judgment of conviction and the imposi-

tion of sentence are not simultaneous events. *See id.* §§ 77–2a–1(1), –2(1), –3(3) (1995).

8. Although, we are bound to follow *Kay*, we note that *Cruz*, 709 F.2d 111 (1st Cir.1983) is no longer the law in the First Circuit. *See United States v. Kurkculer*, 918 F.2d 295, 301 n. 9 (1st Cir.1990) ("To the extent that *Cruz* relied on a double jeopardy analysis and is inconsistent with *Ohio v. Johnson*, ... it has been disapproved by this court."); *United States v. Santiago Soto*, 825 F.2d 616, 619–20 (1st Cir.1987) (same) (citing *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) (discounting double jeopardy implications of trial court's acceptance of accused's guilty plea)). Moreover, in *Santiago Soto*, the First Circuit interpreted *Ohio v. Johnson* as rejecting the need to establish "manifest necessity" before a trial court may rescind its acceptance of a guilty plea, finding the focus was more appropriately upon finality and the prevention of prosecutorial overreaching. 825 F.2d at 619–20.

*entered and accepted."* 717 P.2d at 1304. The court continued: "[t]he trial court may not refuse to comply with the terms of the accepted plea agreement unless circumstances justify the declaration of a misplea [i.e., manifest necessity]; otherwise, the double jeopardy clause will preclude a subsequent trial of that defendant." *Id.* (footnote omitted).

The court stated, a "misplea can properly be granted [1] where obvious reversible error has been committed in connection with the terms of the acceptance of the plea agreement and [2] no undue prejudice to the defendant is apparent." *Id.* at 1305. Finally, applying the foregoing standard to the facts in *Kay,* the supreme court concluded the trial court did not abuse its discretion when it declared a misplea and ordered the defendant to face sentencing or withdraw his plea. *Id.*

■ While the court in *Kay* explained when manifest necessity exists, i.e., when the trial court has committed obvious reversible error, the court did not elaborate upon the undue prejudice prong. Rather, in articulating its two-pronged test, the court merely stated, "Some courts in determining whether a mistrial should be granted have used a balancing test," and have weighed, "the potential prejudice to the defendant," against " 'the public's interest in fair trials.' " *Id.* (quoting *Wade v. Hunter,* 336 U.S. 684, 690, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949)). The court continued, "The granting of a misplea should be measured by a similar standard." *Id.* The supreme court did give some direction by stating that the undue prejudice prong of *Kay*'s misplea analysis adequately addresses the due process fundamental fairness analysis applied by some courts to withdrawal of pleas. *Id.* at 1306–07.

In *Santobello v. New York,* 404 U.S. 257, 262–63, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971), the United States Supreme Court recognized for the first time that some remedy is constitutionally required when the State reneges on a promise that formed the basis for a plea agreement. In *United States v. Blackwell,* 694 F.2d 1325 (D.C.Cir. 1982), the Court of Appeals for the District of Columbia stated that in such cases, the test for prejudice is whether breaking the terms of the plea agreement "might likely have substantially affected the outcome of the [re]trial." *Id.* at 1342 (citation omitted); *see also United States v. Mack* 655 F.2d 843, 848 (8th Cir.1981) (finding statements elicited in presentence report would have sufficiently affected a retrial such that specific performance of original plea agreement was required); *United States v. Williams,* 534 F.2d 119, 122 (8th Cir.1976) (stating undue prejudice test should check for prosecutorial or judicial vindictiveness on retrial and finding no due process violation where defendant is placed in same position as he or she was in prior to guilty plea), *cert. denied,* 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976); *accord State v. Tourtellotte,* 88 Wash.2d 579, 564 P.2d 799, 803 (1977) (en banc).

Finally, in *Kay,* the Utah Supreme Court held the trial court had not abused its discretion when it vacated the illegal term of the defendant's sentence. 717 P.2d at 1306. In *Kay,* after the trial court had accepted the defendant's plea, in specific reliance on his plea bargain, the defendant entered a confession to multiple counts of homicide. *Id.* On appeal, the supreme court nevertheless refused to find undue prejudice. The court noted that although the confession gave the prosecution a "road map" if the defendant was thereafter forced to go to trial, because the confession itself was inadmissible at a subsequent trial, it was not manifestly unfair to uphold the trial court's actions. *Id.* at 1306–07. The court stated, "This places Kay in no different position than any other defendant who gives a confession that is later found not to have been knowing and voluntary. The confession is excluded, but nothing precludes trial of the defendant." *Id.* at 1307. Thus, the court found that because the defendant in *Kay* was put in no worse position than he was prior to his plea agreement, there was no undue prejudice.

■ From a review of the due process cases discussed herein and *Kay*'s conclusion that there is no undue prejudice so long as the defendant is restored to the same position as he or she would have been in absent the plea, we conclude that to establish undue prejudice a defendant must show that he or

she has taken some affirmative action which would materially and substantially affect the outcome of a subsequent retrial. Where the defendant is simply placed in the same position as he or she was prior to the guilty plea, there is no undue prejudice to the defendant. *Kay,* 717 P.2d at 1306–07; *Williams,* 534 F.2d at 122.[9]

■ Applying the two-prong *Kay* misplea standard to the facts of the instant case, we conclude the trial court did not err when it revoked defendant's plea and set the matter for a preliminary hearing. In *Kay,* the supreme court found that violation of the Utah Rules of Criminal Procedure in the taking of a guilty plea justified the trial court's declaration of a misplea. 717 P.2d at 1305. Similarly, in the instant case, the trial court's acceptance of defendant's plea in direct contravention of the express terms of section 77–2a–3(7) making it illegal to accept a plea in abeyance "in any case involving a sexual offense against a victim who is under the age of 14," constituted "obvious reversible error" and therefore justified the trial court's revocation of defendant's plea under the manifest necessity standard. Moreover, pursuant to the standard articulated in *Kay,* defendant suffered no "undue prejudice" from the trial court's actions. By withdrawing its acceptance of defendant's plea and setting the matter for a preliminary hearing, the trial court restored both parties to their original, pre-plea positions. This is not a case where

defendant made an admissible confession or made other incriminating statements in reliance on his plea which would have substantially affected his retrial.

The dissent, although declining to follow our double jeopardy analysis, disagrees with our conclusion that defendant suffered no undue prejudice in this case. The dissent claims defendant was indeed prejudiced by the trial court's actions. The dissent insists that under his original plea agreement, defendant agreed to plead guilty to a third degree felony. After the trial court set aside defendant's plea, defendant again entered into a plea agreement with the State wherein defendant agreed to plead guilty to a first degree felony and was then sentenced to the harshest sentence available under the minimum mandatory sentencing scheme—nine years to life. The dissent claims that because defendant ultimately received a longer sentence because his second plea was to a first degree felony he was prejudiced.

■ We respectfully disagree. Under *Kay* and the cases discussed herein regarding broken plea agreements, so long as defendant took no actions in reliance on the illegal plea agreement which would substantially affect a retrial, defendant is not prejudiced. These cases all address the *procedural prejudice* the defendant would suffer on retrial. In the instant case, the fact that defendant was faced with a situation of being recharged with the same offenses and ulti-

---

9. At oral argument, defendant claimed the trial court, by withdrawing its acceptance of his initial guilty plea and binding him over, violated the undue prejudice prong of the *Kay* misplea standard. Defendant argues the trial court's actions forced him to bargain anew with the State regarding a plea agreement which ultimately resulted in a harsher sentence than would have been imposed under his original plea. He insists that pursuant to *Kay,* once the trial court determined defendant's plea violated section 77–2a–3(7), to avoid any undue prejudice, the only remedy then available to the court was to strike that portion of the plea that violated the statute and allow defendant to (1) affirm his guilty plea to the lesser offense and permit the trial court to enter sentence accordingly, or (2) withdraw entry of his plea altogether. Defendant reads too much into *Kay.*

In *Kay,* after the State filed a motion to reconsider, the trial court entered an order vacating the term of the defendant's plea agreement

promising he would receive life imprisonment. The court thereafter gave the defendant the option of (1) standing on his guilty pleas and facing a sentencing proceeding where the death penalty might be imposed, (2) withdrawing his guilty pleas, reinstating his not guilty pleas and going to trial, or (3) pursuing an interlocutory appeal. The defendant chose to appeal. *Kay,* 717 P.2d at 1297. Thus, on appeal, the only question before the supreme court was whether the trial court abused its discretion when it vacated the illegal condition of the defendant's plea agreement. The court was not asked to review, nor did the court consider, the appropriateness of the options the trial court put to the defendant. Thus, defendant's assertion that the Utah Supreme Court has held that to avoid working an unfair prejudice against a defendant whose guilty plea has been rescinded because a portion of that plea is illegal, the trial court must give that defendant the options presented in *Kay,* is unsupported. *Kay* contains no such directive.

mately pleading to a greater charge and therefore receiving a harsher sentence, is not the type of prejudice contemplated by *Kay.* Defendant, as any criminal defendant on retrial, particularly after a nine-month delay of his own making, may face a different prosecutor with a different plea bargaining philosophy. Additionally, if defendant had chosen to go to trial rather than voluntarily enter a guilty plea, he would have been in exactly the position he was in before his first plea. So long as defendant suffered no procedural harm as a result of the trial court's actions, it is of little significance that defendant ultimately received a greater punishment.

Accordingly, we conclude the trial court's revocation of defendant's original guilty plea did not violate his rights against double jeopardy.

## CONCLUSION

We hold it is irrelevant whether the State timely objected to the trial court's acceptance of the plea below. We also hold that under controlling Utah law, jeopardy attached when the trial court accepted defendant's plea. However, we conclude that because manifest necessity justified the trial court's subsequent vacation of that plea and the defendant was not unduly prejudiced, his rights against double jeopardy were not implicated. We therefore affirm.

JACKSON, J., concurs.

BENCH, Judge (dissenting):

Defendant pleaded guilty to attempted sexual abuse of a child, a third degree felony. The court accepted the plea but held it "in abeyance" on condition that defendant comply with certain conditions. However, as explained by the main opinion, the court had no authority to hold the plea in abeyance since the case involves "a sexual offense against a victim who is under the age of 14." Utah Code Ann. § 77–2a–3(7) (1995). Upon learning the plea could not be held in abeyance, the court acted on its own motion and set the plea aside. In so doing, the court erred.

The procedure to be employed in the disposition of guilty pleas is governed by Rule

11(h) of the Utah Rules of Criminal Procedure, which provides as follows:

(1) The judge shall not participate in plea discussions prior to any plea agreement being made by the prosecuting attorney.

(2) When a tentative plea agreement has been reached, the judge ... may then indicate to the prosecuting attorney and defense counsel whether the proposed disposition will be approved.

(3) *If the judge then decides that final disposition should not be in conformity with the plea agreement, the judge shall advise the defendant and then call upon the defendant to either affirm or withdraw the plea.*

Utah R. Crim. P. 11(h) (emphasis added).

Therefore, when the court learned that "abeyance" was not an option in this case, it should have called upon defendant either to affirm his plea to a third degree felony or to withdraw his plea and proceed to trial. The court had no authority, on its own motion and without defendant's consent, to set aside the plea. To hold otherwise is tantamount to authorizing the court to participate in the plea discussions, which is expressly prohibited by Rule 11(h)(1).

Even if defendant had violated the terms of a valid plea in abeyance, he would be subject to being sentenced only on the third degree felony. Utah law provides that if "the court finds that the defendant has failed to substantially comply with any term or condition of the plea in abeyance agreement, it may terminate the agreement and enter judgment of conviction and impose sentence against the defendant *for the offense to which the original plea was entered.*" Utah Code Ann. § 77–2a–4(1) (1995) (emphasis added).

Thus, unless he withdrew his plea, defendant could not be sentenced to anything greater than the third degree felony. This is precisely what the Utah Supreme Court held to be the proper procedure in *State v. Kay,* 717 P.2d 1294 (Utah 1986), the case so extensively quoted by the main opinion. The main opinion cites *Kay* and purports to follow it but, in fact, ignores the conclusion:

This case is remanded. *Kay may either withdraw the guilty pleas that were given*

*as part of the aborted plea agreement and enter new pleas or he may choose to stand on his guilty pleas and proceed to sentencing* under the provisions of section 76–3–207 with no guarantee as to sentence.

*Id.* at 1307 (emphasis added).

The decision as to whether or not to withdraw the guilty plea is therefore left not with the court, but with the defendant. This paramount principle of *Kay* is consistent with how other jurisdictions have treated the question. *See, e.g., Kolkman v. State,* 857 P.2d 1202, 1209 (Alaska.Ct.App.1993) (holding plea agreement could not be honored because it did not include mandatory sentence, thus "requir[ing] that the defendant be given the opportunity to withdraw or affirm the original plea of guilty."); *State v. Cooper,* 166 Ariz. 126, 800 P.2d 992, 997 (Ct.App. 1990) ("If the court rejects the proposed sentence, the accused may either withdraw from the plea or agree to be sentenced within the legal limits on the charge.... The trial court may not, however, *sua sponte,* vacate the acceptance of a guilty plea and set the case for trial." (citation omitted)); *State v. Efford,* 596 So.2d 788, 789 (Fla.Dist.Ct.App. 1992) (per curiam) (holding the defendant was entitled to withdraw guilty plea where plea agreement called for two years probation but minimum mandatory sentence required three years imprisonment); *see also* 2 Charles E. Torcia, *Wharton's Criminal Procedure* § 312, at 417–18 (13th ed. 1990 & Supp. 1995).

In *People v. Jackson,* 121 Cal.App.3d 862, 176 Cal.Rptr. 166 (1981), the prosecution agreed to drop first degree murder charges in exchange for the defendant's guilty plea to two counts of second degree murder. The trial court sentenced the defendant consistent with the plea recommendation and ordered the defendant to serve nine years on the murder charges. The plea was based on a statute that had been repealed and substituted with a statute making the minimum sentence fifteen years to life. *Id.,* 176 Cal. Rptr. at 168–69. The California Court of Appeals held that when the trial court learned that the agreed upon sentence was illegal, defendant could demand the "benefit of his bargain" by choosing to be sentenced according to the valid, albeit higher, penalty of fifteen years to life, or, alternatively, he could withdraw his guilty plea and take his chances at trial. *Id.* at 170. This holding fully comports with the holding in *Kay.*

Based on our rules, the statutory scheme, and *Kay,* I would therefore reverse and give defendant the benefit of his bargain with the State. Although I would not reach the constitutional issue framed by the main opinion, I do not agree with its analysis. I am particularly bothered with the conclusion that defendant was not prejudiced by the trial court's setting aside of his original plea.

The "procedural prejudice" analysis proposed by the main opinion might well be the standard for determining double jeopardy claims where the defendant withdraws the guilty plea. But in this case it was the court, and not defendant, that withdrew the plea. Where the court withdraws the plea without any input from the defendant, the focus of any prejudice discussion should be on the severity of the respective sentences. *See State v. De Nistor,* 143 Ariz. 407, 694 P.2d 237, 242 (1985) (holding that double jeopardy not violated when the defendant withdraws plea but is violated when court, sua sponte, vacates acceptance of the plea).

Defendant negotiated with the State and agreed to plead guilty to a third degree felony. The longest prison sentence he could have been subjected to for a third degree felony was an indeterminate term of *up to five years.* After the court set aside the plea, defendant went through a preliminary hearing and was bound over to stand trial for three first degree felonies. Ultimately, he entered a conditional guilty plea to the charge of aggravated sexual abuse of a child, a first degree felony. He was then sentenced to the maximum level available under the minimum mandatory sentencing scheme—*nine years to life* at the Utah State Prison—with the judge recommending "that defendant serve full time." I believe defendant was clearly prejudiced when the court, on its own motion, set aside defendant's plea to the third degree felony.

I therefore dissent.